**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0423n.06
Filed: June 20, 2007

No. 05-1166

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| JAMES EDWARD GAPINSKI, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| | ) | |

**Before: MOORE and GILMAN, Circuit Judges; FORESTER,** * **District Judge.**

**KAREN NELSON MOORE, Circuit Judge.** Defendant-Appellant James E. Gapinski

pleaded guilty to one count of conspiracy to manufacture more than 100 marijuana plants, in

violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(vii). He now appeals his 156-month

sentence, which the district court imposed before the Supreme Court decided *United States v.*

*Booker*, 543 U.S. 220 (2005). Gapinski has withdrawn his request for oral argument, Reply Br. at

ii, and the government never requested oral argument. We accordingly conclude that this case is

amenable to disposition without oral argument.

Both parties agree that the district court's pre-*Booker* sentence on December 22, 2004,

applying the United States Sentencing Guidelines as mandatory, was erroneous. The district court

---

*The Honorable Karl S. Forester, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

also announced a 120-month "alternate sentence," which the district court intended to impose in the event that the Sentencing Guidelines did not apply. Joint Appendix at 71. We now know that *Booker* held that the Sentencing Guidelines do apply, but are only advisory and are only one of the 18 U.S.C. § 3553(a) factors that the district court must consider. Accordingly, the parties agree that there is no mechanism by which the "alternate sentence" can be put into place, and that Gapinski therefore is entitled to resentencing.

We concur with the parties' position, and accordingly **VACATE** Gapinski's sentence and **REMAND** the case to the district court for a new sentencing hearing and resentencing in accordance with *Booker* and its progeny, and in light of any other relevant factors.