10-2986-cr
*United States v. Cade*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand eleven.

PRESENT:    DEBRA ANN LIVINGSTON,
            DENNY CHIN,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges*.

---

UNITED STATES OF AMERICA,
        *Appellee*,

-v.-                                        No. 10-2986-cr

JESSE CADE,
        *Defendant*,

JOSEPH CADE,
        *Defendant-Appellant*.

---

PAUL EVANGELISTA, Assistant Federal Public Defender (Molly Corbett, *on the brief*), *for* Lisa Peebles, Acting Federal Defender, Northern District of New York, Albany, New York, *for Defendant-Appellant*.

PAUL D. SILVER, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney, Northern District of New York, Albany, New York, *for Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-Appellant Joseph Cade ("Cade") appeals from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*), entered July 8, 2010, convicting him, upon his guilty plea, of one count of knowingly attempting to persuade, induce, or entice a minor to engage in unlawful sexual conduct, in violation of 18 U.S.C. § 2422(b), and sentencing him to 188 months' imprisonment and a life term of supervised release. On appeal, Cade challenges several aspects of the district court's sentence, alleging both procedural error and substantive unreasonableness. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We are constrained to review sentences for reasonableness, and we do so under a deferential abuse-of-discretion standard." *United States v. Conca*, 635 F.3d 55, 62 (2d Cir. 2011) (internal quotation marks and citation omitted). This review encompasses "consideration of both the length of the sentence (substantive reasonableness) and the procedures used to arrive at the sentence (procedural reasonableness)." *United States v. Canova*, 485 F.3d 674, 679 (2d Cir. 2007). "While factual determinations underlying a district court's Guidelines calculations are reviewed for clear error, a district court's application of the Guidelines is reviewed *de novo*." *Conca*, 635 F.3d at 62.

First, Cade contends that the district court erred in applying the "special instruction" of U.S.S.G. § 2G1.3(d). That section provides that, for convictions under § 2422(b), "[i]f the offense involved more than one minor," the Guidelines provisions for calculating an offender's total offense level when there are multiple counts of conviction "shall be applied as if the persuasion, enticement, coercion, travel or transportation to engage in . . . prohibited sexual conduct of each victim had been

2

contained in a separate count of conviction." U.S.S.G. § 2G1.3(d)(1). Accordingly, where the offense involves more than one minor victim, "each minor . . . is to be treated as a separate minor," and "[c]onsequently, multiple counts involving more than one minor are not to be grouped together under § 3D1.2." U.S.S.G. § 2G1.3, Application Note 6.

Here, the district court concluded that Cade's offense involved two victims—a fictional four-year-old girl and a fictional thirteen-year-old girl. Contrary to Cade's assertions, however, the district court did not err in this regard. The term "offense," as used in the Guidelines, "means the offense of conviction and *all relevant conduct under § 1B1.3* (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the context." U.S.S.G. § 1B1.1, Application Note 1(H) (emphasis added). Section 1B1.3(a)(1)(B) of the Guidelines, in turn, provides that such "relevant conduct" includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). Jointly undertaken criminal activity is defined as "a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy." U.S.S.G. § 1B1.3, Application Note 2. To sentence a defendant on the basis of a coconspirator's criminal activity, the sentencing court must make particularized findings both that the conduct was "in furtherance of the jointly undertaken criminal activity" and that it was "reasonably foreseeable." *United States v. Studley*, 47 F.3d 569, 574 (2d Cir. 1995).

At Cade's sentencing, the district court concluded that the inducement of the fictional four-year-old by Cade's brother, Jesse Cade ("Jesse"), constituted relevant conduct for which Cade

was accountable.[1] The court said that the relevant facts included "the full factual recitation regardless of which of the brothers" engaged in the specific conduct, and that it rejected the argument that "the conduct of one is irrelevant to the other." Moreover, the court made the particularized finding that Cade "was cognizant of those conversations between Jessie [*sic*] and the purported 13-year-old as it related to the 4-year-old" because otherwise "his response to the undercover when the subject of the 4-year-old was brought up" made no sense. The court's conclusions amount to a finding that the brothers jointly undertook their criminal activity, and that Jesse's inducement of the four-year-old was reasonably foreseeable to Cade.

These conclusions are supported by the record. Jesse asked the fictional thirteen-year-old about her younger friends and suggested sexual acts with them, including the four-year-old, and arranged to meet both girls. Cade knew of the four-year-old's age and was involved in the plan to meet the two girls at the park. Moreover, both brothers expressed intentions to engage in sexual acts with both girls. On this record, the district court did not err in concluding that Jesse's inducement of the four-year-old was part of the brothers' jointly undertaken criminal activity and was reasonably foreseeable to Cade.

Although the district court also found that Cade's own actions amounted to inducement of the four-year-old, we decline to reach this question. Rather, we uphold the application of the "special instruction" of § 2G1.3(d)(1) on the basis of Jesse's unquestionable inducement of the four-year-old, which was in furtherance of the jointly undertaken criminal activity and was reasonably foreseeable by Cade.

---

[1] There is no question that one can entice a minor to engage in unlawful sexual activity within the meaning of § 2422(b) through a third-party intermediary. *See United States v. Douglas*, 626 F.3d 161, 164–65 (2d Cir. 2010).

4

Next, Cade contends that the district court committed procedural error, in the form of impermissible "double counting," in applying the computer-use enhancement, *see* U.S.S.G. § 2G1.3(b)(3), as to both of the two minor victims in the course of following the "special instruction" of § 2G1.3(d)(1). Since Cade did not object on this basis in the district court, we will review this argument only for plain error. *See United States v. Folkes*, 622 F.3d 152, 156 (2d Cir. 2010). In order for a defendant to succeed on plain error review, he must demonstrate "(1) error (2) that is plain and (3) affects substantial rights." *Id.* Moreover, once we have noticed plain error, it remains "within our discretion to decide whether to correct it, and we will do so only if it 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Doe*, 297 F.3d 76, 82 (2d Cir. 2002)) (alteration in original). Cade has failed to demonstrate any error as to the court's application of the computer-use enhancement, however, either plain or otherwise.

"Impermissible 'double counting' is the *judicial* augmentation of a defendant's sentence in contravention of the applicable statute or Sentencing Guideline." *United States v. Torres-Echavarria*, 129 F.3d 692, 699 (2d Cir. 1997) (emphasis in original). So long as "the court does not augment a sentence in contravention of the applicable statute or Sentencing Guideline," however, "no forbidden double counting occurs." *United States v. Meskini*, 319 F.3d 88, 91 (2d Cir. 2003) (internal quotation marks omitted). Moreover, "we have consistently held that double counting is permissible in calculating a Guideline sentence where . . . each of the multiple Guidelines sections applicable to a single act serves a distinct purpose or represents a discrete harm." *United States v. Maloney*, 406 F.3d 149, 153 (2d Cir. 2005).

Here, the district court's application of the computer-use enhancement did not constitute

5

impermissible double counting. Rather, the court calculated Cade's offense level in perfect compliance with § 2G1.3(d)(1) of the Guidelines, which mandates that where the defendant is convicted pursuant to § 2422(b) and the offense involves more than one minor victim, the defendant's total offense level is to be calculated as if "each victim had been contained in a separate count of conviction." U.S.S.G. § 2G1.3(d)(1). Moreover, the court's application of this enhancement as to each victim "represent[ed] a discrete harm," *i.e.*, that to each of the minor victims. *Maloney*, 406 F.3d at 153. Accordingly, Cade has failed to demonstrate error—let alone plain error—in the district court's application of the computer-use enhancement as to both victims.

Finally, Cade contends that his 188-month term of imprisonment is substantively unreasonable. Again, we review sentences for reasonableness, a standard akin to abuse of discretion. *Conca*, 635 F.3d at 62. We have emphasized that "[a] sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (en banc). Thus, "[t]he fact that [an] appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). Rather, we consider only "whether the sentence imposed falls within the broad range that can be considered reasonable under the totality of the circumstances." *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008). This review is intended only to provide a backstop against sentences that are "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Accordingly, if the resulting sentence is reasonable, "we will not second guess the weight (or lack thereof) that the [sentencing] judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir. 2006).

Cade contends that the district court "dismissed the compelling information submitted under [18 U.S.C. §] 3553(a) by [defendant] and relied instead on information which was of questionable reliability and arguably irrelevant." Appellant's Br. at 48. But this amounts to no more than quibbling with the district court's weighing of the § 3553(a) factors. The record amply reflects that, at sentencing, the district court carefully considered the record, the parties' arguments, and the § 3553(a) factors. The court specifically addressed and acknowledged, *inter alia*, Cade's rough upbringing and his "border line intellect," but concluded that these mitigating factors were overcome by the severity of Cade's conduct in this case, Cade's admitted history of engaging in illegal sexual activity with underage individuals, and his inability to "control his sexual urges." In explaining its chosen sentence, the court stated that it felt "sorry" for Cade, stating, "I'm not sure y[ou] had the greatest chance in life," and, "I'm not sure that God equipped you to have the greatest chance at life, in addition to the environment in which you were raised." It concluded, however, that Cade was a "predator" and that "sympathy does not outweigh my need to protect the public from you." It nonetheless chose to sentence Cade at the very bottom of the Guidelines range. Nothing in the record demonstrates that the court failed adequately to balance the § 3553(a) factors, or that its sentence was "shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *Rigas*, 583 F.3d at 123, and there is no basis for upsetting the court's careful and conscientious sentencing determination.

We have considered all of Defendant-Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7